IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM P. JENNINGS, #EL-1765, aka CARL GLENN,     Petitioner | * * | |
| v | * | Civil Action No.: WDQ-04-3847 |
| GEORGE PATRICK , et al.,     Respondents | * | |

\*\*\*\*\*\*

**<u>MEMORANDUM</u>**

Petitioner filed a petition for writ of habeas corpus pro se on October 21, 2004, in the United States District Court for the Eastern District of Pennsylvania.  Paper No. 1.  That court construed the petition as having been filed pursuant to 28 U.S.C. § 2254 and transferred the case to this Court.  The petition, while not a picture of clarity, raised claims regarding both Petitioner's Maryland state conviction and a detainer lodged against him for violation of probation.[1]  The Maryland Department of Public Safety and Correctional Services (DPSCS) was directed to show cause why Petitioner's request should not be granted.[2]  Paper No. 4.

DPSCS has filed an answer to the petition, as well as a supplemental answer requested by the Court addressing the validity of the detainer lodged against Petitioner. Paper Nos. 6 and 10.  Petitioner has filed a "Motion to Strike" and a "Motion to Amend" in response to the answers.  To the extent Petitioner intended these filings to be considered as replies to the answer and supplemental answer they shall be

---

[1] Subsequently, Petitioner was advised that if he wished to pursue a claim under 28 U.S.C. § 2254 as to the underlying state conviction he should file a separate petition on forms provided by the Court. Paper No. 9.

[2] The Clerk of the Court shall take all necessary steps to amend the docket to reflect that the Maryland Department of Public Safety and Correctional Services is substituted as Respondent in these proceedings.

considered by the Court. To the extent these filings were intended as motions they shall be denied. No oral argument is necessary to resolve the issue in this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

Petitioner was convicted in the Circuit Court for Anne Arundel County, Maryland on May 28, 1998. Paper No. 6, Ex. A. He was given a two year suspended sentence and five years of probation. *Id.* On November 8, 1999, the sentencing court was advised that Petitioner had violated the conditions of his probation by, *inter alia*, being arrested in Pennsylvania. *Id.* On November 15, 2000, the sentencing court was advised that Petitioner had been convicted of the Pennsylvania offenses. *Id*. A bench warrant was issued against Petitioner for violation of probation on December 14, 2000. *Id.*

Petitioner alludes to efforts made in state court to resolve the detainer which he contends was improperly issued. Paper No. 1. Respondent contends that Petitioner failed to exhaust his available state court remedies as evidenced by the fact that his case was dismissed by the Maryland Court of Special Appeals due to Petitioner's failure to comply with procedural rules. Paper Nos. 6 and 9. Based on the documents before this Court, the undersigned cannot conclude with certainty that Petitioner has exhausted all applicable state remedies. If he has not, this Court does not have jurisdiction of his claim and the petition is subject to dismissal for lack of jurisdiction. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Assuming, without deciding, that Petitioner has exhausted all applicable state remedies in this case, the petition is subject to dismissal for failure to state a claim. Presumably, Petitioner is alleging that he is entitled to prompt disposition of the detainer as an untried indictment under the Interstate Agreement on Detainers Act. The requirements of the Act are, in part,

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any **untried indictment, information, or complaint** on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the prisoner's imprisonment and the prisoner's **request for a final disposition** to be made of the indictment, information, or complaint; provided that for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Md. Corr. Serv. Code Ann., § 8-405(a) (emphasis supplied). Petitioner's detainer is for a violation of probation which does not meet the requirements of the Act. "The term 'untried' refers to matters which can be brought to a full trial. In a probation revocation proceeding the trial has already been held, and the defendant has been convicted. In such a hearing, the defendant comes before the court in a completely different posture than he does at his trial before conviction." *Clipper v. State*, 295 Md. 303, 311, 455 A. 2d 973, 977 (1983). To the extent that Petitioner disagrees with the law in Maryland, he must mount that challenge in an appropriate Maryland state court. Accordingly, by separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed.

| | |
|---|---|
| July 28, 2005 | /s/ |
| Date | William D. Quarles, Jr.<br>United States District Judge |